**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**
**CIVIL ACTION NO.: 6:09-CV-72-ART**
*Electronically Filed*

ROBERT JOHN LOW and PATRICIA LOW                    PLAINTIFFS

v.

REXON INDUSTRIAL CORPORATION, LTD,
POWER TOOL SPECIALISTS, INC., et al.                    DEFENDANTS

<u>**DEFENDANTS REXON INDUSTRIAL CORP., LTD AND**</u>
<u>**POWER TOOL SPECIALISTS, INC.'S PROPOSED**</u>
<u>**JURY INSTRUCTIONS AND INTERROGATORIES**</u>

Defendants, Rexon Industrial Corp., LTD and Power Tool Specialists, Inc. (hereinafter referred to as "Rexon"), submit their proposed jury instructions, a copy of which is attached hereto.

Respectfully submitted,

REMINGER CO., L.P.A.

<u>/s/ Shea W. Conley</u>
Shea W. Conley, Esq.
Matthew T. Lockaby, Esq.
269 West Main Street-Suite 700
Lexington, Kentucky 40507
Telephone: 859/233-1311
Facsimile: 859/233-1312
Email:  sconley@reminger.com
         mlockaby@reminger.com

*Counsel for Defendants Power Tool*
*Specialists, Inc. and Rexon Industrial*
*Corporation, Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 28, 2011 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the counsel of record.  In addition, a copy was served to Thapar_Chambers @kyed.uscourts.gov.

<u>/s/ Shea W. Conley</u>
Shea W. Conley, Esq.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**
**CIVIL ACTION NO.: 6:09-CV-72-ART**
*Electronically Filed*

ROBERT JOHN LOW and PATRICIA LOW                        PLAINTIFFS

v.

REXON INDUSTRIAL CORPORATION, LTD,
POWER TOOL SPECIALISTS, INC., et al.                    DEFENDANTS

## JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 1

### General Instructions

Immediately upon retiring to the Jury Room you should elect one of you as a foreperson.

Any verdict you reach must be unanimous and signed by the foreperson.

## JURY INSTRUCTION NO. 2

### Jury Deliberations

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

## JURY INSTRUCTION NO. 3

### Application of the Law

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in this case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party.  Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, holding the same or similar stations in life.  A corporation is entitled to the same fair trial at your hands as is a private individual.  The law is no respecter of persons, and all persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

## JURY INSTRUCTION NO. 4

### Evidence

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that control in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

## JURY INSTRUCTION NO. 5

### Credibility

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In weighing the testimony of a witness you should consider his or her relationship to the plaintiff or to the defendant; his or her interest, if any, in the outcome of the case; his or her manner of testifying; his or her opportunity to observe or acquire knowledge concerning the facts about which he or she has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## JURY INSTRUCTION NO. 6

### Impeachment of Witnesses

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

## JURY INSTRUCTION NO. 7

### Spoliation

Rexon reserves the right to tender an appropriate, more specific, adverse inference instruction arising from Plaintiffs' failure to preserve or wrongful alteration of the most material evidence in the case – the subject miter saw.  Rexon anticipates that such an instruction would entail advising the jury that Plaintiffs had a duty to preserve and protect the saw, that their failure to do so has inhibited Rexon's defense and that the jury should infer that had Plaintiffs properly preserved or not altered the saw it would have shown that the saw was manufactured properly and suitable for the purpose for which it was intended. Alternatively, Rexon will seek an instruction that the jury must infer that the saw, in its current condition, is how the saw appeared and functioned on the day of Plaintiffs' accident. There has been some effort by Plaintiff Robert Low to assert that the saw as it appears today is somehow worse than on the day he amputated his hand.  This testimony should be excluded and/or an appropriate instruction given to the jury as the saw is in the same condition as when Plaintiffs' expert received it for analysis.

## JURY INSTRUCTION NO. 8

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## JURY INSTRUCTION NO. 9

As you have heard from the evidence, Plaintiffs' claim that the Rexon miter saw was defectively manufactured, creating an unreasonably dangerous condition, and that this allegedly defective condition was a substantial factor in causing Robert Low's injury. You will find for the Plaintiffs if you are satisfied from the evidence that:

(1)     the blade guard linkage was in a defective condition and unreasonably dangerous;

(2)     the blade guard linkage was in such a defective condition when it left the control of the manufacturer, Rexon; and

(3)     the defective condition was a substantial factor in causing Robert Low's injury.

A manufacturing defect exists in a product when it leaves the hands of the manufacturer in a defective condition because it was not manufactured or assembled in accordance with its specifications. *See* <u>*Ford Motor Co. v. McCamish*, 559 S.W.2d 507, 509-11</u> (Ky. App. 1977). A manufacturing defect claim requires you to determine whether the product failed because of an error in the process of manufacture or assembly. *Id.*

"Unreasonably dangerous" means a product that is "dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics". "Defective" means that the product does not meet the reasonable expectations of the ordinary consumer as to its safety." <u>*Worldwide Equip., Inc. v. Mullins*, 11 S.W.3d 50, 55, 46 6 Ky. L. Summary 10 (Ky. App. 1999)</u>.

A manufacturer of a product is liable only if the injury would have occurred if the product had been used in its original, unaltered and unmodified condition.   Product alteration or modification shall include failure to observe routine care and maintenance, but shall not include ordinary wear and tear.

## JURY INSTRUCTION NO. 10

It was the duty of Rexon, as manufacturer of the miter saw, to exercise ordinary care in the fabrication, assembly and packaging of the subject miter saw. In this case, Plaintiffs must prove that Rexon knew or should have known that the saw in question was defective due to a deviation in its specifications when it left Rexon's control.

"Ordinary care," as used in these instructions, means such care as the jury would expect a reasonable and prudent person or company to exercise under the same or similar circumstances.

 "Defective" means that the product does not meet the reasonable expectations of the ordinary consumer as to its safety.

A manufacturer of a product is liable only if the injury would have occurred if the product had been used in its original, unaltered and unmodified condition.  Product alteration or modification shall include failure to observe routine care and maintenance, but shall not include ordinary wear and tear.

## JURY INSTRUCTION NO. 11

### Breach of Warranty (Reserved)

Plaintiffs have not identified any express warranties which Rexon allegedly breached and have not identified same in their tendered jury instructions. Accordingly, Rexon reserves the right to tender instructions related to any claim of express warranty should Plaintiffs identify same, if any. Furthermore, Rexon gave a one year limited warranty on the subject saw and disclaimed any all other warranties. See Document Produced, Rexon 00088. The subject accident occurred more than one year after Robert Low purchased the saw and any warranty claims are barred.

## JURY INSTRUCTION NO. 12

Robert Low alleges that, by reason of his injuries, he has sustained damages. If you find for Plaintiffs, you will determine from the evidence and will award Robert Low such sum as you believe will fairly and justly compensate him for any damages you believe were sustained as a direct result of the accident.

In considering the issue of damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for Robert Low's damages, no more and no less. Compensatory damages are not allowed as punishment and must not be imposed or increased to penalize Rexon. Also, compensatory damages must not be based on speculation or guesswork, because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury – tangible and intangible. Thus, no evidence of the value of such intangible things as pain and suffering need be introduced. In that respect, it is not value that you are trying to determine but an amount that will fairly compensate Robert Low for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in light of the evidence.

You should consider only the following elements of damage, to the extent that you find them proved by a preponderance of the evidence:

(a)     whatever physical or mental suffering that you believe from the evidence that Robert Low sustained as a direct result of the accident;

(b)     whatever necessary and reasonable expenses for medical services that you believe from the evidence that Robert Low incurred as a direct result of the accident; and,

      (c)      whatever loss of wages and/or income that you believe Robert Low sustained as a direct result of the accident.

You shall indicate your findings on the special verdict form that I will provide to you.

## <u>INTERROGATORY NO. 1</u>

Do you find by a preponderance of the evidence that Defendant Rexon manufactured a defective miter saw which made it unreasonably dangerous and that such defect was a substantial factor in causing the accident?

Yes _____      No _____


_____
Signature of Foreperson


*Please proceed to Interrogatory No. 2.*

## INTERROGATORY NO. 2

Do you find by a preponderance of the evidence that Defendant Rexon failed to exercise ordinary care in the manufacture of the subject miter saw, and that such failure was a substantial factor in causing the accident?

Yes _____       No _____


_____
Signature of Foreperson



*If you answered "No" to both Interrogatory No. 1 and Interrogatory No. 2, your deliberations are complete. Please return to the courtroom.*

*If you answered "Yes" to either Interrogatory No. 1 or Interrogatory No. 2, please proceed to Interrogatory No. 3.*

## INTERROGATORY NO. 3

Do you find by a preponderance of the evidence that Plaintiff Robert Low failed to exercise ordinary care for his own safety and that such failure was a substantial factor in causing the accident?

Yes _____       No _____


_____
Signature of Foreperson



*If you answered "Yes" to Interrogatory No. 3, please proceed to Interrogatory No. 4.*

*If you answered "No" to Interrogatory No. 3, do not complete Interrogatory No.4 and proceed directly to Interrogatory No. 5.*

## <u>INTERROGATORY NO. 4</u>

If you answered "Yes" to either Interrogatory No. 1 or 2 and also "Yes" to Interrogatory No. 3, please indicate below the percentage of the total fault for the accident that you attribute to the Plaintiff Robert Low and to the Defendant Rexon.

| | | |
|---|---|---|
| Robert Low | : | _____ |
| Rexon | : | _____ |
| Total | : | <u>       100%       </u> |

_____
Signature of Foreperson

*Please proceed to Interrogatory No. 5.*

## <u>INTERROGATORY NO. 5</u>

Only answer the following Interrogatory if you answered "Yes" to either Interrogatory No. 1 or 2. Without regard to fault, please indicate the sum of money that you believe will fairly and justly compensate Robert Low for the damages you believe were sustained as a direct result of the accident:

Past Medical Expenses:                                 $_____

Lost Wages and future impairment

of his ability to labor and earn money:          $_____

Past and Future pain and suffering:              $_____


_____
Signature of Foreperson




*Please proceed to Special Interrogatory No. 5.*

## <u>INTERROGATORY NO. 6</u>

If you answered "Yes" to Interrogatory No. 1 or 2, and you find from a preponderance of the evidence that Plaintiff Patricia Low has suffered damages as a result of the loss of services, assistance, aid, society, companionship and conjugal relationship with her husband, indicate in the space below the amount of damages you believe she sustained as a direct result of the accident:       $_____

_____
Signature of Foreperson

*You have concluded your deliberations.  Please return to the courtroom.*